UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

OSCAR GARCIA
GLORIA AROCHO

                Plaintiff,

**CV 14  4160**

**TRIAL BY JURY DEMANDED**

-against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, POLICE OFFICERS
MICHAEL DEMONDA, LOUIS STEPHENSON,
NICOLE PERL AND SGT. NATHAN MOLE
OF THE 75TH POLICE PRECINCT and OTHER
OFFICERS WHOSE IDENTITIES ARE
UNKNOWN AT THIS TIME ALL MEMBER OF THE NYPD
**AND RUBEN MIJARES**

**GARAUFIS, J.**  Civil No.

**BLOOM, M.J.**

**SUMMONS &**

**COMPLAINT**

                Defendants,
----------------------------------------------------X

Plaintiffs, OSCAR GARCIA and GLORIA AROCHO by and through their attorney, Andres M. Aranda Esq., respectfully shows to this court and alleges as following:

## INTRODUCTION

1. This is an action, commenced by plaintiffs for money damages against defendants for committing acts within the scope of their employment and under color of law and depriving plaintiff of their rights secured by the Constitution and laws of the United States and the State of New York.

Plaintiffs allege that defendants, individually and through said Officers deprived then of their right to be free from being falsely arrested, maliciously prosecuted, assaulted, battered, humiliated and caused to suffer physical pain and mental anguish.

This action has been commenced within three years after plaintiffs' claim arose by reason of the false arrest, malicious prosecution, assault, battery, unusual and unnecessary excessive force being used to effect the illegal and false arrest of the plaintiffs with unnecessary excessive force being used to arrest then. This unnecessary force caused each plaintiff to sustain serious physical and emotional injury which caused substantial pain, resulting in the plaintiff having to seek medical attention. The plaintiffs were incarcerated, deprived of their liberty and

freedom of movement and were caused to receive medical attention for bruised ribs, facial contusions, hematomas and other injuries.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. Sec. 1983 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

3.      Jurisdiction is founded upon 28 U.S.C. Sec. 1331, 1343 (1-4), and 2202.

4.      Venue is proper in this district pursuant to 28 U.S.C. Sect. 139 (b).

## JURY DEMAND

5.      Plaintiffs demand trial by jury in this action.

## PARTIES

6.      Plaintiffs OSCAR GARCIA and GLORIA AROCHO are U S Citizens and life- long residents of the United States and OF KINGS COUNTY.

7.      Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of POLICE OFFICERS MICHAEL DEMONDA, LUOIS STEPHENSON, NICOLE PERL AND SGT. NATHAN MOLE AND THE OTHER MEMBERS OF THE NEW YORK CITY POLICE FORCE THAT PARTICIPATED IN THE PLAINTIFF'S ARREST AND PROSECUTION and the John and Jane Doe police officers named as a defendant in this action and whose identities are still unknown. RUBEN MIJARES is a civilian who started an argument which escalated and caused the police to respond to the plaintiffs' business. All of which led to the police arresting Ms. AROCHO FALSELY, USING EXCESSIVE FORCE TO EFFECTUATE SAID FALSE ARREST AND USING EXCESSIVE FORCE TO ARREST MR. OSCAR GARCIA. In addition, said Police Officers, and other members of the police Force used profane, racist and otherwise disgusting language when addressing plaintiffs. Sgt. Nathan Mole failed to prepare a proper Memo Book entry in an apparent attempt to protect his fellow officers and so did Police Officer Nicole Perl.

8.      Defendant New York City Police Department is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

9.      At all times relevant herein, defendant Police Officers, were acting as agents, servants and employees of the defendant CITY of New YORK and in furtherance of and within the scope of THEIR employment as members of the City's Police Force, and in furtherance of THE

BUSINESS OF THE City, and acting under color of law; to wit as NEW YORK City Police Officers and by virtue of the rules, regulations and statutes of the defendant City of New York. The Defendant City is responsible as respondeat superior for the actions, and inactions, of its agents, and employees, acting under color of law and in the carrying out of their employment and the business of said City Defendant.

## FACTUAL ALLEGATIONS

10.     `On or about AUGUST 20, 2011 at approximately 12:40 AM, the Plaintiffs, GLORIA AROCHO and OSCAR GARCIA, were inside their place of business, a cleaners located at 675 LINCOLN AVE., Brooklyn, N.Y. 11208, known as Sepilon Cleaners, when the defendant, RUBEN MIJARES, entered said business and started an argument. The police responded, and without conducting any investigation and in a careless and negligent manner, proceeded to attack, assault and arrest the plaintiffs, together with ANGEL GARCIA, all of whom were arrested by the defendants, all without probable cause or justification. Mr. OSCAR GARCIA WAS ASSAULTED, HIS BROTHER LUIS GARCIA WAS ASSAULTED AND THEIR MOTHER GLORIA AROCHO a 51 year old GAINFULLY EMPLOYED MOTHER WITH NO PRIOR CONTACT WITH THE LAW, was also assaulted and terribly bruised during this unlawful assault in which excessive and unnecessary force was used to arrest her and her sons. Mr. OSCAR GARCIA WAS SIMILALY INJURED DUE TO THE EXCESSIVE FORCE USED TO ARREST HIM. He WAS THROWN TO THE GROUND AND BEATEN UNMERCIFULLY DURING THE ARREST PROCESS. Afterwards, both plaintiffs were ridiculed at the station house with foul and racist language being used in an attempt to demean and embarrass them. Ms. AROCHO went to Court several times and eventually her case was dismissed. Mr. Garcia's case was not dismissed. The fact that Ms. AROCHO is the mother of OSCAR GARCIA AND LUIS GARCIA caused her great pain and alarm to see the mistreatment of her sons at the hands of the GESTAPO like police officers. Likewise, the fact that Mr. OSCAR GARCIA SAW HIS MOTHER BEING VERBALLY AND PHYSICALLY ABUSED caused him great pain, humiliation, embarrassment, anguish and suffering. The excessive force used by the police was not necessary. Furthermore, this abuse caused Mr. Oscar Garcia and Ms. Gloria Arocho great suffering, embarrassment, shame, humiliation, physical and psychological pain. The cops physically and verbally abused plaintiffs who were falsely and needlessly arrested and charged as stated above.

11.     On the day of their arrest, the police approached plaintiffs as they were peacefully and lawfully WORKING. The police failed to perform even the most basic of investigations prior to arresting both plaintiffs at their place of employment.  However, we know that the police officers are under pressure to make arrests from their superiors to make arrest and fulfill arrest quotas, all without regard for the legality of the arrest, the safety of the innocent citizen being arrested or any regard for the civil rights of the poor unfortunate punching bags and dupes being taken into police custody.  They were approached by police officers who proceeded to VIOLENTLY AND WITHOUT GOOD CAUSE OR PROBABLE CAUSE to, use excessive force, assault

and arrest them, even while they protested their innocence and repeatedly asked why they were being arrested, assaulted and abused by the very people sworn to protect them from harm. This use of excessive force was not only unnecessary, but it was wantonly and illegally done. Mr. Garcia and Ms. Arocho protested their innocence at the place of arrest, at the precinct and in the Courthouse. Her case was eventually dismissed after several court appearances. Her son, pled guilty to a Misdemeanor and received three years' probation.

12.    PLAINTIFFS, after they were arrested and assaulted, were questioned by Police Officers, members of the NYPD and servants, employees of the City of New York. They indicated to the officers the truth of what had happened and the defendants failed to investigate, instead mocking them and proceeding to process them and put them through the system. The officers NEVER ATTEMPTED TO VERIFY PLAINTIFFS STORY WITH THE POLICE CAMERAS LOCATED AT THAT VERY SAME CORNER, OR IN ANY OTHER CREDIBLE WAY, INCLUDING TALKING TO WITNESSES AT THE SCENE, or other merchants and neighbors. However, they were handcuffed, illegally searched, and battered all without any cause or justification, in violation of Plaintiffs' civil rights. They were arrested without any CRIMINALITY ON their part and without even performing a minimal investigation as to what, if anything, had transpired doing at the scene.

13.    Ms. AROCHO was released WITHOUT BAIL AT ARRAINGMENT and given a court date. Eventually she went to court several times and the charges were dismissed by the Court on OCTOBER 19, 2011. Mr. Garcia had bail set on him and was eventually released.

14.    MS. AROCHO was incarcerated for approximately 28 hours.

15.    Ms. AROCHO WAS EVENTUALLY RELEASED AND HAD TO RETURN to the KINGS County Criminal Court several times, approximately five times.

16.    The CHARGES AGAINST MS. AROCHO were dismissed on October 19, 2011, as the defendant therein, plaintiff herein, was innocent. The police officers failed to produce any credible evidence, or to show any probable cause for her arrest on any charge, or to even show up in Court and the matter had to be dismissed.

17.    The ordeal greatly traumatized BOTH Ms. AROCHO, HER SON Oscar Garcia and their family who as a result of his unlawful incarceration, and the excessive force used to arrest them, including being violated and humiliated as a direct result of the unnecessary, inhuman treatment that both plaintiffs received at the hands of the police officers, suffered the deprivation of freedom, THEY WERE ASSAULTED DURING THE ARREST. The criminal charges against the DEFENDANT THEN, PLAINTIFF NOW, GLORIA AROCHO were terminated favorably.

**DAMAGES**

18.     As a direct and proximate result of the said acts of the defendants, Mr. OSCAR GARCIA AND Ms. GLORIA AROCHO suffered the following injuries and damages:

   a. Violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution;
   b. Loss of physical liberty due to incarceration;
   c. Humiliation, embarrassment and injury to reputation.
   d. Attorney fees.
   e. Pain and suffering as a result of the unnecessary and excessive force used to arrest him without probable cause and/or justification.
   f. Bruises about body and face due to the excessive force used to unlawfully arrest them.
   g. Mental pain and anguish due to their arrest, accusation, incarceration and the excessive and unnecessary force used to arrest this 51 year old working female and her son.
   h. Excessive force was unnecessarily used to arrest both Plaintiffs.

## CAUSES OF ACTION

### COUNT 1

### 42 U.S.C. SEC. 1981, 1983 – FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS:    FALSE ARREST

19.     Paragraphs 1-18 are incorporated by reference as though fully set forth.

20.     Plaintiff, GLORIA AROCHO, did not commit ANY CRIMINAL ACT OR ACTS OR VIOLATIONS, either before or at the time she was unlawfully arrested, imprisoned , prosecuted and deprived of her constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Sec. 1983 and the Constitution of the State of New York, any illegal act. The Fourth Amendment protects people from unreasonable searches and seizures. The plaintiff claims that her arrest, incarceration, beating, search and arrest were unlawful because it was made without probable cause to believe that Ms. AROCHO had committed any of the crimes for which she was allegedly arrested. The continued prosecution which forced Mr. AROCHO to remain incarcerated for WELL OVER 24 HOURS, in fact he spent 28 hours behind bars waiting to be arraigned;  was made with malice by the officers who wrongfully arrested and detained  her AND CAUSED HER TO RETURN TO COURT AND PHYSICALLY ABUSED HER. USING EXCESSIVE FORCE TO ARREST HER. Mr. GARCIA, likewise claims that he was arrested without probable cause and or justification and excessive force was used to effectuate his improper arrest.

21.     As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, acting under color of law, plaintiff was unlawfully arrested and imprisoned, until they were released.

22.     That on or about AUGUST 20, 2011, at approximately 12:40 AM. That day, while the plaintiffs were lawfully INSIDE THEIR PLACE OF BUSINESS DEFENDANT RUBEN MIJARES ENTERED SAID PREMISES AND CAUSED A RUCUS, THEREAFTER THE POLICE ARRIVED AND WITHOUT CONDUCTING ANY INVESTIGATION, AND WITHOUT ANY PROBABLE CAUSE AND/OR JUSTIFICATION, ATTACKED MS. AROCHO AND HER SONS, THE POLICE USED EXCESSIVE FORCE TO ARREST THEM AND MALICIOUSLY AND NEGLIGENTLY PROSECUTED THEM. All of this took place in Kings County and subsequent times thereafter, including but not limited to the 73RD New York POLICE Precinct, the defendants, their agents, servants and employees falsely accused and arrested PLAINTIFFS without any probable cause or any justification, right or grounds therefore. And unfairly, unjustly, and mercilessly beat them up using excessive and unnecessary force AND MEANS to carry out his unlawful and illegal arrest.

23.     That the plaintiffs were wantonly deprived of their liberty and unnecessarily humiliated. That unnecessary and excessive force was used to arrest both this 51 year old female and her son. Both of whom were injured during the arrest process without justification, or provocation.

24.     That the defendant police officer, were acting under color of law and authority; did not have any probable cause, permission or justification whatsoever, to arrest or injure plaintiffs, who were unmercifully beaten up and used as both a punching bag and a step stool by members of the NYPD.

25.     That at all times hereinafter mentioned, the defendant police officers were employed in their respective capacities by the Defendant CITY and THE NEW YORK CITY POLICE DEPARTMENT and were acting under the color of their official capacity and their acts were performed under the color of the polices, statues, ordinances, rules and regulations of the CITY and in furtherance of the official business of said City of New York. The City is responsible as respondeat superior for the actions of its employee police officers and said defendant City and is Police Department have failed to properly train its officers, including failing to train then so that they don't beat up, kick, punch, physically abuse, verbally abuse or mace helpless individuals, particularly when they don't resist, do not pose a threat to the officers' safety and after they have been handcuffed or make them pull their pants down, bent over and spread the cheeks of their behinds . The City also failed to supervise its police department or it's individual officers and that by reason of that failure, this sad and unnecessary beating and arrest occurred.

26.     That at all times hereinafter mentioned, the defendants John and Jane Doe Police Officers were acting under color of law and in their official capacity as New York City Police Officers and as agents of the City of New York.

27.     That during all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert, acted under color and pretense of law, to wit: under color of the statues, ordinances, regulations, customs and usages of the CITY and the defendants herein, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiffs, GLORIA AROCHO AND OSCAR GARCIA and deprived them of their rights privileges and immunities secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States to wit: to be free from warrantless searches and arrest without probable cause. The defendants' actions played a substantial role in bringing about a deprivation of the Fourth Amendment right to be free of unreasonable search and seizure and restraint on his liberty without due process and arrest without probable cause. All of the named defendant Police Officers acted with malice and used unnecessary and excessive force to handcuff and restrain Ms. GLORIA AROCHO who was 51 years old at the time of this abusive arrest and who weighed approximately 130 lbs. AND her co-plaintiff son, OSCAR GARCIA.

28. That the defendant City of New York failed to properly train and supervise its police force allowing it to act in an unlawful, illegal and wanton manner arresting and abusing members of the public, all without probable cause or justification. Recent case law as well as newspaper articles, news bulletins and general bad press received by the NYPD, including with regards to its stop and frisk policy, have put the City of NY and its Police Department on notice of the need for better training, supervision and selection of its officers, and said officers, on the date of the arrest, were working under pressure to make arrest and fulfill arrests quotas without any regards for the civil rights of the citizens of the City of New York, including Plaintiffs.  The arresting OFFICERSARE PRONE TO ARRESTING INNOCENT CIVILIANSS, INCLUDING PLAINTIFF, WHO WERE NOT ENGAGED IN ANY CRIMINALITY WHATSOEVER AT THE TIME OF THEIR UNLAWFUL ARREST.

29. That said City was aware of the unlawful, illegal and wanton acts of its police force and of the pattern of illegal arrests being conducted by said police force, including but not limited to punching, kicking, making, and otherwise abusing young/ old male minorities, including plaintiff.

30. Furthermore, the defendants, each and every one of them, were all negligent in carrying out their respective duties towards the citizens and public of the City of New York, and were motivated by malice, prejudice and ill will towards the Hispanic community of Brooklyn. The NYPD, through its Police Force, is trying to harass, antagonize and get rid of the minorities residing in Brooklyn in an attempt to "clean-up" the area for gentrification purposes, much like they have done to other parts of the City, including The Lower East Side and El Barrio/Spanish Harlem.

FEDERAL CIVIL RIGHTS CLAIM

Plaintiffs OSCAR GARCIA and GLORIA AROCHO repeat and re-allege paragraphs 1 through 30.

31. Defendant police officers' actions were part of a pattern, practice, policy and modus operandi of the Police Department of the City of New York and the Defendant City of New York to ignore and violate the Constitutional rights of the people they come in contact with and whom they are supposed to serve.
32. The acts of NYPD, Detectives, UNDERCOVER OFFICERS and Police Officer defendants herein and the various John and Jane Does were committed under their authority as NYPD and as police officers vested under and by virtue of the laws of the State of New York, and were, therefore, committed under the color of statute and the laws of the State of New York.
33. The defendant City knew of the need for additional screening, training, supervision, disciplining and holding accountable of police officers to insure that : (a) they refrain from ignoring evidence that would indicate that an accused is innocent; (b) refrain from misrepresenting, withholding or falsifying evidence; (c) exercising care and thoroughness in the investigation and prosecution of a case involving the alleged possession of narcotics, particularly when none were found; (d) accurately identify and handle exculpatory material, such as the absence of narcotics.
34. Through intention and deliberate indifference, the Defendant City failed to adequately provide for screening, training, supervising, and disciplining of police officers with respect to the above mentioned issues. This type of intentional conduct and deliberate indifference is evidenced by news articles, demonstrations and decisions of the courts of the state of New York reporting that the NYPD and its employees are and have engaged in various acts of misconduct including but not limited to, "testilying", the falsification of evidence, the wrongful withholding of evidence of innocence, physically and emotionally abusing defendants, Abner Louima and Amadou Diallo, for instance, giving false, incomplete and misleading testimony, and generally failing to act in a reasonable, professional and honest capacity including but not limited to the following decisions:
    Riddick v. City of New York, 772 NYS 2d, 294, 4 A.D. 3d 242 (1st Dept. 2004)
    Bonefant v. Kelly, 759 NYS 2d 872, 306 A.D. 2d 108 (1st Dept. 2003)
    Wagnwe v. Kerik, 748 NYS 2d 860, 298 A.D. 2d 322 (1st Dept. 2002)
    Seligson v. Kerik, 744 NYS 2d 655, 295 A.D. 2d 262 (1st Dept. 2002)
    Foy v. Safir, 717 NYS 2d 126, 277 A.D. 2D 169 (1ST Dept. 2000)
    Titone v. Safir, 717 NYS 2d 22, 277 A.D. 2d 161 (1st Dept. 2000)
    Castro v. Safir, 717 NYS 2d 44, 277 A.D. 2d 123 (1st dept. 2000)
    Mieles v. Safir, 707 NYS 2d 437,, 272, A.D. 199 (1ST. Dept. 2000)
    Sanniti v. Safir, 689 NYS 2d 479, 261 A.D. 2d 153 (1st, Dept. 1999)
    Brovakos v. Bratton, 678 NYS 2d 21, 254 A.D. 2d 32 (1st Dept. 1998)
    Ranalli v. Safir, 672 NYS 2d 872, 250 A.D. 2d 507 (1st. Dept. 1998)
    Vasquez v. Safir, 673 NYS 2d 12, 250 A.D. 2d 448 (1st. Dept. 1998)
    People v. Kenrick, 162 Misc. 2d 75, ( Crim. N.Y. Cty 1994)

Hickey v. Ward 55 NYS 2d 763, 161 A.D. 2d 495 (1st. Dept.)

35. Upon information and belief, based on and supported by several newspaper articles, police officers have not been discipline by the defendant City or defendant NYPD for their misconducts, despite repeated judicial findings that police officers have engaged in misconduct. Such failure constitutes deliberate indifference toward the constitutional rights of the accused and such misconduct constitutes a practice, pattern and custom of engaging in police misconduct including but not limited to withholding exculpatory evidence, filing false complaints and arresting without probable cause, to name a few.

36. By virtue of the decisions referred to above, and other information and court decisions, NYPD and the City knew that the need for adequate training, screening, supervising and disciplining of its employees was, and is, compelling because of the overriding credo of those such as the defendants herein to make arrests and clear cases quickly and at all costs with deliberate and total disregard for the truth, the safety of those arrested and for the constitutional rights of the accused.

37. The acts, conduct and behavior of the defendants herein were callous, unnecessary, negligent and as such plaintiffs were injured and damaged in the sum of ten million dollars.

38. At all times relevant the defendants police officers and NYPD were acting WITHIN THE SCOPE OF THEIR EMPLOYMENT AND/OR POLICY MAKER FOR THE CITY OF NEW YORK, WITH THE CONSENT AND KNOWLEDGE OF THEIR SUPERIORS.

39. To the extend applicable, New York City is liable as respondeat superior for said defendants' actions.

40. Defendant City of New York knew or should have known of the Police defendants' propensity to engage in illegal, wrongful and negligent acts as detailed above, including but not limited to beating up a helpless civilian who was sleeping on a couch and arresting said civilian without any evidence, probable cause or reason to do so, and the City has failed to correct such wanton police conduct.

41. Defendant City failed to take adequate steps to discipline, train, supervise or otherwise correct the improper and illegal conduct of said defendants and/or as a matter of policy and practice, has with deliberate indifference failed to take steps to uncover and/or correct such conduct on the part of its police force.

42. Defendant City of New York has damaged plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of said defendants and/or as a matter of policy and practice, has with deliberate indifference, failed to take steps to uncover and/or correct such conduct.

43. The injuries suffered by plaintiff were proximately caused by each and every one of the policies and practices set forth herein.

44. The actions of the defendants; including the City of New York, resulted in the deprivation of Plaintiff's rights pursuant to the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

45. As a result of the false arrest, assault, battery, defamation, malicious prosecution, unlawful imprisonment, the violations of said rights and deprivation of liberty, EACH Plaintiff was damaged in the sum of Fifty Million Dollars.

That by reason of the aforesaid, the Plaintiff has been damaged in the sum of TEN MILLION DOLLARS (10,000,000.00)

**WHEREFORE**, plaintiff requests the following relief as against all of the defendants:

1. Award compensatory damages in the amount of Ten Million Dollars on each cause of action.
2. For such other and further relief as to this Court may deem just and proper.

Dated: Bronx, New York
DECEMBER 13, 2013

Andres M. Aranda
930 Grand Concourse, suite 1A
Bronx, New York 10451
(718) 590-1904
(718) 541-9241
Amarandawill.c.u@g-mail.com

CERTIFICATE OF DISPOSITION INDICTMENT

DATE: 12/13/2013

CERTIFICATE OF DISPOSITION NUMBER: 34905

PEOPLE OF THE STATE OF NEW YORK
VS.

CASE NUMBER:              07245-2011
LOWER COURT NUMBER(S):    2011KN067581
DATE OF ARREST:           08/20/2011
ARREST #:                 K11681566
DATE OF BIRTH:            02/10/1991
DATE FILED:               09/27/2011

GARCIA, OSCAR

---
DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 05/22/2012 THE ABOVE NAMED DEFENDANT WAS
CONVICTED OF THE CRIME(S) BELOW BEFORE JUSTICE  FOLEY,E THEN A
JUSTICE OF THIS COURT.

ASSAULT 3rd DEGREE PL   120.00 01 AM

THAT ON 07/03/2012, UPON THE AFORESAID CONVICTION BY PLEA  THE HONORABLE
FOLEY,E  THEN A JUDGE OF THIS COURT, SENTENCED THE DEFENDANT
TO

ASSAULT 3rd DEGREE PL   120.00 01 AM
ORDER OF PROTECTION = 5 YEAR(S)
PROBATION = 3 YEAR(S)


CVAF = $25 (JUDGMENT ORDERED)
DNA  = $50 (JUDGMENT ORDERED)
SURCHARGE = $175 (JUDGMENT ORDERED)



IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 12/13/2013.

---
COURT NANCY T. SUNSHINE
Kings County Clerk

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

CERTIFICATE OF DISPOSITION
NUMBER: 465460

THE PEOPLE OF THE STATE OF NEW YORK
VS

AROCHO, GLORIA
Defendant

08/16/1960
Date of Birth

635 GLENMORE AVE
Address

0044402K
NYSID Number

BROOKLYN           NY
City          State    Zip

08/20/2011
Date of Arrest/Issue

Docket Number: 2011KN067599

Summons No:

195.05  240.20
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|------|--------------|-------|------|
| 10/19/2011 | DISMISSED - MOTION OF DA | GRASSO-G | AP5 |

SEALED pursuant to Section 160.50 of the CPL

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY       _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNE

SOURCE  _ ACCUSATORY INSTRUMENT  _ DOCKET BOOK/CRIMS  _ CRC3030[CRS963]

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

DUNNOM, M
COURT OFFICIAL SIGNATURE AND SEAL

12/13/2013
DATE            FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
          SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)




















