UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OSCAR GARCIA and GLORIA AROCHO,

                Plaintiffs,

-against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, POLICE
OFFICERS MICHAEL DEMONDA, LOUIS
STEPHENSON, NICOLE PERL, and SGT.
NATHAN MOLE OF THE 75TH PRECINCT,
and OTHER OFFICERS WHOSE IDENTITIES
ARE UNKOWN AT THIS TIME ALL
MEMBER OF THE NYPD, and RUBEN
MIJARES,

                Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

14-CV-4160 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is the City of New York's (the "City") motion to dismiss the Complaint for failure to prosecute.[1] For the reasons stated below, Defendant's motion is GRANTED with prejudice. Further, the court sua sponte DISMISSES the Complaint against all other Defendants with prejudice.

I. **BACKGROUND**

On July 7, 2014, Plaintiffs filed their Complaint, but they did not file any proposed summonses. (See Compl. (Dkt. 1).) Two weeks later, on July 21, 2014, Plaintiffs served a document entitled "Summons & Complaint" on the City at the New York City Law Department; however, no summons was attached to the document. (Decl. of Peter J. Fogarty in Supp. of Def.'s Mot. to Dismiss ("Fogarty Decl.") (Dkt. 22) ¶ 4.) The next day, Plaintiffs' counsel filed

---

[1] Due to Plaintiffs' failure to properly serve process, the City is the only Defendant to appear thus far.

1

affidavits of service as to Police Officers Louis Stephenson and Nicole Perl; however, neither summons bore the court's seal or was signed by the Clerk of Court. (Aff. of Service (Dkts. 3, 4); see also Fogarty Decl. ¶ 11.) Plaintiffs aver that they mailed a copy of the Complaint to Sergeant Mole, Officer Demonda, and Ruben Mijeres on July 28, 2014 (Aff. of Eliana Sanchez in Opp'n to Mot. to Dismiss ("Sanchez Aff.") (Dkt. 20-4) at 1); however, the public docket does not reflect that Mole, Demonda, or Mijeres were ever served.

On October 21, 2014, the City's counsel emailed Plaintiffs' counsel to inform him that no Defendant had been properly served with a summons. (Fogarty Decl. ¶ 8.) Plaintiffs' counsel responded that he would presently file proof of service. (Id.) However, no proof of service was filed. Three days later, on October 24, 2014, the City's counsel again emailed Plaintiffs' counsel regarding service. (Id. ¶ 9.) This time, Plaintiffs' counsel responded that his "person in charge of service" would call the City's counsel to determine what the problems with service were. (Id.) Despite Plaintiffs' counsel's assurances, no such call occurred.

On November 6, 2014, the City filed a letter seeking a pre-motion conference. (Nov. 6, 2014, Ltr-Mot. (Dkt. 8).) The City noted the deficiencies in Plaintiffs' attempted service. Specifically, the City indicated that (1) "[a] further review of the summons and complaint that was purportedly served on the City . . . on July 21, 2014, revealed that, in fact, no summons was served on the City . . . "; (2) "[a]n additional review of the summonses purportedly served on defendants Nicole Perl and Louis Stephenson shows they were neither signed by the Clerk of the Court nor bear the Court's seal as is required by Fed. R. Civ. P. 4(a)(1)(F) and (a)(1)(G)"; and (3) "there is no adequate proof of service on Police Officer Michael Demonda or Sergeant Nathan Mole on the docket sheet, an issue which was raised in both of defendant City's requests for an enlargement of time to respond to plaintiffs' complaint." (Id. at 2.) On

March 16, 2015, Defendants filed a fully briefed motion to dismiss, arguing that Plaintiffs had failed to properly effect service within the time limits set out in the Federal Rules of Civil Procedure. (Not. of Mot. to Dismiss (Dkt. 19).)

On May 18, 2015, Plaintiffs' counsel, Andres Manuel Aranda, was reciprocally suspended from practice before this court following his suspension from practice before the Court of Appeals for the Second Circuit. See In re Andres Manuel Aranda, No. 06-MC-303 (BMC) (E.D.N.Y. May 18, 2015).

Consequently, on January 11, 2016, the court ordered Mr. Aranda to inform Plaintiffs that he can no longer represent them and ordered Plaintiffs, within 30 days, to inform the court whether they wished to secure new counsel, proceed pro se, or discontinue the case. (See Jan. 11, 2016, Order (Dkt. 26).) The January 11, 2016, Order was sent to Mr. Aranda both electronically and by mail and was mailed to Plaintiffs' last known addresses. (Id.) Neither Mr. Aranda nor Plaintiffs have responded in any way to the court's order and their time to do so has now passed.

On March 1, 2016, the City moved to dismiss the case for failure to prosecute. (Ltr.-Mot. to Dismiss (Dkt. 28).) Plaintiffs have not responded in any way.

## II.    LEGAL STANDARD

"If the plaintiff fails to prosecute . . . a defendant may move to dismiss the action." Fed. R. Civ. P. 41. However, "dismissal is 'a harsh remedy to be utilized only in extreme situations.'" Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) (quoting Gibbs v. Hawaiian Eugenia Corp., 996 F.2d 101, 109 (2d Cir. 1992)).

In deciding whether to dismiss a case for failure to prosecute, the Second Circuit has instructed district courts to consider whether: "(1) the plaintiff's failure to prosecute caused a

3

delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).

"In analyzing the factors, the court reviews the record as a whole." Caussade v. United States, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (alteration omitted) (quoting Toliver v. Comm'r of N.Y.C. D.O.C., No. 10-CV-5805 (DLC), 2011 WL 5242643, at *3 (S.D.N.Y. Nov. 3, 2011)). Accordingly, "no one factor is dispositive." Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (quoting Drake, 375 F.3d at 254).

## III. DISCUSSION

### A. Plaintiffs' Failure Caused a Significant Delay

The first factor asks whether Plaintiffs are at fault for causing a significant delay. "The first factor . . . breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." Drake, 375 F.3d at 255.

With regard to the first element, Plaintiffs have failed to respond in any way to the court's January 11, 2016, Order. This failure is plainly attributable to Plaintiffs. Moreover, even if Plaintiffs were to argue that their counsel, Mr. Aranda, was responsible for the failure to respond, "apportionment of blame between counsel and client, . . . is best considered when [the court gets] to the fifth factor." Id. Instead, at this stage, the court need only ask "whether or not the delay was caused by plaintiff's side as a whole." Id. The court has no trouble concluding that the delay was caused by Plaintiffs' side as a whole.

4

With regard to the second element, "[t]here is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal." Caussade, 293 F.R.D. at 629. Nonetheless, "[d]elays of several months have been found to warrant dismissal." Id. Here, Plaintiffs have completely failed to respond to the court's January 11, 2016, Order, which has already delayed adjudication of Plaintiffs' claims by several months. This delay weighs heavily in favor of dismissal.

Moreover, the court is reluctant to view Plaintiffs' failure to prosecute as simply failing to respond to the January 11, 2016, Order. Throughout the case, Plaintiffs have failed to carry out even the most basic tasks associated with prosecuting the case. (See Fogarty Decl. (outlining Plaintiffs repeated failures to serve process); Pls.' Resp. to Mot. to Dismiss (Dkt. 20) at 3-4 (acknowledging that Plaintiffs failed to properly serve process).) Accordingly, the court finds that Plaintiffs have substantially delayed the adjudication of this case.

In any event, even if the court only considered Plaintiffs' failure to respond to the January 11, 2016, Order standing alone, and even if that delay was itself not sufficiently substantial to warrant dismissal, the court would still find the delay here sufficient to counsel in favor of dismissal because Plaintiffs are unreachable. "Courts have found dismissal appropriate for [delays shorter than several months] when a party has become completely inaccessible, as inaccessibility 'strongly suggests that [Plaintiffs are] not diligently pursuing [their] claim.'" Caussade, 293 F.R.D. at 630 (S.D.N.Y. 2013) (quoting Dong v. United States, No. 02-CV-7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004)).

Accordingly, the court finds that the first factor favors dismissal.

5

## B. Plaintiffs Were Given Notice That Further Delay Would Result in Dismissal

The second factor asks whether Plaintiffs are on notice that their failure to prosecute could cause their case to be dismissed. Generally, a party should be given notice prior to dismissal of their complaint for failure to prosecute. See Drake, 375 F. 3d at 254. However, "this is not an absolute requirement." Caussade, 293 F.R.D. at 630 (S.D.N.Y. 2013) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962) ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.")). Here, Plaintiffs were notified that the case might be dismissed for failure to prosecute when the City served its motion. See Dong, 2004 WL 385117, at *3 ("By serving this motion, the Government has notified Dong that his failure to prosecute might result in dismissal.").

"In any event, given that the Court and counsel have no way to contact [Plaintiffs], any further attempt to warn them would be futile." Id. Indeed, courts in this circuit regularly dismiss cases for failure to prosecute without notice where the plaintiffs are unreachable. See, e.g., Blake v. Payane, No. 08-CV-0930 (PAC) (PED), 2011 WL 7163172, at * 2 (S.D.N.Y. Mar. 11, 2011) (report and recommendation); Fitzgerald v. Anderson, No. 91-CV-3881 (MJL), 1994 WL 97144, at *2 (S.D.N.Y. Mar. 21, 1994).

Thus, the court finds that the second factor favors dismissal.

## C. Defendants Are Likely to Be Prejudiced by Further Delay

The third factor asks whether Defendants are likely to be prejudiced by further delay. "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." Caussade, 293 F.R.D at 630 (collecting cases). Here, Plaintiffs have been inaccessible since at least the January 11, 2016, Order. Accordingly, the court presumes prejudice.

In any event, the court finds that Defendants <u>have</u> been prejudiced by Plaintiffs' delay. The events giving rise to this action occurred on August 20, 2011. (See Compl. (Dkt. 1) ¶¶ 10-15.) It is only natural that in the intervening five years, Defendants' and their potential witnesses' memory of those events have faded. Courts in this circuit routinely find prejudice where a plaintiff's delay makes it less likely that a defendant will recall the facts critical to defending the case. See, e.g., McNamee v. Schoharie Cnty. Jail, No. 06-CV-1364 (LEK) (GHL), 2008 WL 686796, at *11 (N.D.N.Y. Mar. 10, 2008) (report and recommendation) ("Further delay by Plaintiff may very well result in the fading of memories."); Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) ("As the Second Circuit has found, a delay of this length makes likely the chance that memories have faded and that witnesses who might once have been available may well not be found"), aff'd, 152 F.3d 917 (2d Cir. 1998).

Consequently, the court finds that the third factor favors dismissal.

### D. Need to Alleviate Court Calendar Congestion

The fourth factor considers whether dismissal of the case would alleviate the court's docket. The court is cognizant that it "must not let its zeal for a tidy calendar overcome its duty to do justice." Outley v. City of New York, 837 F.2d 587, 589 (2d Cir. 1988) (internal citation omitted). However, where a plaintiff is unreachable, courts do not hesitate to find the need to alleviate the court's calendar militates in favor of dismissal. This is because "[i]t is not an efficient use of the Court's or Defendants['] resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." Caussade, 293 F.R.D at 631 (quoting Davison v. Grillo, No. 05-CV-4960 (NG) (LB), 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006)).

Here, the court has no way of reaching Plaintiffs. Accordingly, the court finds that the fourth factor weighs in favor of dismissal.

### E. Adequacy of Lesser Sanctions

The fifth factor asks whether a sanction less than dismissal could sufficiently remedy the plaintiff's delay. "Courts consistently find that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted because the plaintiff would be unaware of any lesser sanction that could be imposed." Caussade, 293 F.R.D. at 631 (collecting cases).

Because Plaintiffs are unreachable here, the court finds that the fifth factor weighs in favor of dismissal.

## IV. CONCLUSION

Because all five factors weigh in favor of dismissal, the court concludes that Plaintiffs' failure to prosecute warrants dismissal. The City's motion to dismiss is therefore GRANTED. In addition, the court sua sponte DISMISSES the Complaint against all other Defendants for failure to prosecute. The Complaint is DISMISSED WITH PREJUDICE. The Clerk of Court is respectfully requested to close the case.

SO ORDERED.

Dated: Brooklyn, New York
March 3/, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

8